ALD-231                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1703
_____

CRAIG FRANCIS SZEMPLE,
Appellant

v.

CORRECTIONAL MEDICAL SERVICES, INC.; MS. IFILL, CMS
ADMINISTRATOR, N.S.P.; DR. HOCHBERG, MEDICAL DIRECTOR
N.S.P.; ELMIRA KAPCHITS;GEORGE E. ACHEBE; CMS JOHN
AND JANE DOES 1-30; CMS JOHN AND JANE ROES 1-30; NJDOC JOHN
AND JANE DOES 1-30
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-04809)
District Judge:  Honorable Susan D. Wigenton, U.S. District Judge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: July 31, 2012)
_____

OPINION
_____

PER CURIAM.

Craig Szemple appeals pro se from the orders of the United States District Court for the District of New Jersey granting the defendants' motions for summary judgment. Because the appeal is lacking in arguable merit, we will dismiss it under 28 U.S.C. §1915(e)(2).

## I.

As the parties are familiar with the extensive background of the case we will only briefly mention the procedural and factual history. Szemple is a New Jersey State prisoner. He filed suit against medical personnel at Northern State Prison, as well as against the New Jersey Department of Corrections (NJDOC)[1] and its employees, and Correctional Medical Services (CMS), the medical contractor for NJDOC, and its medical employees (CMS defendants). Szemple claimed that the defendants failed to properly treat a medical condition by not evaluating him for spinal fusion surgery, instead choosing to manage his pain. Szemple had been diagnosed with cervical radiculopathy in 2001. Following a regime of physical therapy and epidural steroid injections, a doctor recommended that Szemple "may be a good candidate for" spinal fusion surgery if the recommended treatments were not effective. The CMS defendants pursued an alternative treatment for Szemple, consisting of pain medication and a consultation for pain management. While Szemple initially agreed that this treatment regimen was working, he later alleged that the pain persisted.

---

[1] NJDOC and other named defendants who were employees of NJDOC were terminated as parties pursuant to a Stipulation of Dismissal in August of 2010.

Szemple filed his initial pro se complaint against all named defendants in October of 2007. Following a successful application for pro bono counsel, [2] Szemple filed an amended complaint in May of 2010. In his amended complaint, Szemple asserted that the defendants' alleged failure to provide him with adequate medical care constituted (1) a violation of 42 U.S.C. §1983, (2) medical malpractice (3) a violation of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. §10:6-2 and (4) intentional infliction of emotional distress. Szemple further asserted that the defendant's failure to maintain medical records constituted an additional violation of 42 U.S.C. §1983. However, this amended complaint did not include any claims against "Ms. Ifill," one of the named defendants in the original complaint. It also excluded any claims regarding failure to provide pain medication, which had been included in his original complaint.

In July of 2011, the defendants, excepting Ms. Ifill, filed a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, a motion for summary judgment pursuant to Rule 56(c). The motion did not address any of the claims against Ms. Ifill, nor did it address the claim for failure to maintain adequate medical records. The District Court granted the motion for summary judgment in January of 2012. Szemple then appealed from the District Court's order granting summary judgment.

---

[2] Szemple's attorney withdrew as appointed counsel in May 2011.

Following the January order for summary judgment, the defendants, including Ms. Ifill, filed a further motion for summary judgment on the remaining claim of failure to maintain the Plaintiff's medical records, as well as all claims against Ms. Ifill. Szemple never responded to the motion. On May 30, 2012, the District Court granted summary judgment against the plaintiff on the remaining claims, and the case was terminated. Szemple then filed a certificate of service for a second notice of appeal addressing the claims resolved on May 30, 2012, which the District Court docketed as a certificate of service for Szemple's initial notice of appeal.[3]

## II.

We have appellate jurisdiction under 28 U.S.C. §1291[4], and because Szemple is proceeding in forma pauperis, we review the appeal for possible dismissal under 28 U.S.C. §1915(e)(2). Our review is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment).

---

[3] It seems clear that this certificate of service was intended to serve as a notice of appeal from the order filed May 30, 2012. The District Court may wish to docket it as a notice of appeal.

[4] We note that Szemple's initial notice of appeal was filed prior to the final judgment of the case. However, in limited circumstances, "a premature notice of appeal, filed after disposition of some of the claims before a district court, but before entry of a final judgment, will ripen upon the court's disposal of the remaining claims." ADAPT of Phila v. Phila. Hous. Auth., 433 F.3d 353, 362 (3d Cir. 2006) (citing Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983)). All of Szemple's claims have now been resolved. Accordingly, the original order is now appealable, and we have jurisdiction.

4

An appeal must be dismissed under 28 U.S.C. §1915(e)(2) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989).

## III.

We first address Szemple's claims which arise under 42 U.S.C. §1983. These claims are barred, as Szemple failed to exhaust his available administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. See 42 U.S.C. §1997e(a), Booth v. Churner, 532 U.S. 731 (2001). Exhaustion of administrative remedies must be in accordance with applicable regulations and policies, and noncompliance cannot be excused by the courts. Woodford v. Ngo, 548 U.S. 81, 83 (2006). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir.2004).

Szemple did not seek administrative relief pertaining to his claims. Szemple did file several grievances prior to filing his complaint; however, they all pertained to allegations that the defendants allowed his pain medication to lapse.[5] None of his grievances address his current claims, the alleged failures to have him evaluated for

---

[5] In his original complaint, Szemple included a claim pertaining to failure to provide pain medication. However, he did not include this claim in his amended complaint.

5

spinal fusion surgery and to maintain adequate medical records.[6]  As Szemple failed to

exhaust his administrative remedies, he is precluded from bringing his 1983 claims

against the defendants.

Szemple next asserted that the defendants' failure to treat his medical condition

was a violation of the NJCRA.  Given the nature of Szemple's complaint, he effectively

asserted that CMS had in place an unconstitutional policy, and that CMS's employees

were deliberately indifferent to his serious medical needs.  We agree with the District

Court that Szemple's claims are without merit.

> The NJCRA provides, in part:
>
> Any person who has been deprived of any substantive due process or equal
> protection rights, privileges or immunities secured by the Constitution or
> laws of the United States, or any substantive rights, privileges or
> immunities secured by the Constitution or laws of this State . . . may bring a
> civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. §10:6-2.  The NJCRA is interpreted as analogous to §1983.  See Rezem

Family Associates, LP v. Borough of Millstone, 30 A.3d 1061 (N.J. Super. 2011) ("[N.J.

Stat. Ann.§10:6-2] was modeled after §1983"), Trafton v. City of Woodbury, 799

F.Supp.2d 417, 443 (D.N.J. 2011). S zemple bases his NJCRA claim on Article 1,

paragraph 12 of the New Jersey Constitution, which provides, in relevant part:

"Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and

---

[6]  Szemple did eventually file a grievance regarding the decision not to have him
evaluated for spinal fusion surgery.  However, Szemple filed this grievance in 2010,
years after filing his complaint in the District Court.

unusual punishment shall not be inflicted." N.J. Const. Art. I, Para 12. This provision of the New Jersey Constitution is generally interpreted as analogous to the Eighth Amendment. State v. Ramseur, 524 A.2d 188, 210 (N.J. 1987).

We agree with the District Court that Szemple failed to establish that CMS has a policy that limits medical consultation for non-medical reasons. To sustain a §1983 claim, or a NJCRA claim, a plaintiff must show that a defendant had in place a custom or policy which resulted in constitutional deprivation. See Stomel v. City of Camden, 927 A.2d 129 (N.J. 2007) (citing Monell v. Dept. of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)). Szemple did not identify any custom or policy by CMS that violated his constitutional rights in his amended complaint or any subsequent filing. Thus, Szemple has no cause of action under the NJCRA against CMS or the CMS defendants.

The District Court correctly analyzed Szemple's claims against the CMS defendants under the standard set in Estelle v. Gamble, 429 U.S. 97, 103-104 (1976) (holding that the plaintiff must allege that the defendant acted with deliberate indifference to his serious medical needs in order to state an Eighth Amendment medical claim upon which relief may be granted). The test for whether a prison official acted with deliberate indifference is whether the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm" Farmer v. Brennan, 511 U.S. 825, 842 (1994). To establish a constitutional violation the indifference must be deliberate and the actions intentional. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "A complaint that a physician has been negligent in diagnosing or treating a

7

medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. It is well established that as a long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, "mere disagreement as to the proper medical treatment" does not support a claim of an Eighth Amendment violation. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

In the present case there is nothing on the record to indicate deliberate indifference. The CMS defendants conducted testing and consultations, and provided Szemple with treatment. Indeed, even Szemple initially agreed that this treatment was effective. The CMS defendants may not have proceeded with the specific treatment that Szemple now requests, but their treatment was not deliberately indifferent.

We next turn to Szemple's claim against CMS for medical malpractice. We agree with the District Court that the affidavit of merit filed by Szemple was insufficient, and that his claim thus suffered from a fatal defect. N.J. Stat. Ann § 2A:53A-27 provides in relevant part:

> In any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

8

Szemple's affidavit of merit did not address claims against the remaining defendants; rather, it only referred to NJDOC. While the affiant claimed to have reviewed medical records of both CMS and NJDOC, the affidavit stated that only NJDOC had deviated from acceptable professional standards, and said nothing of CMS. The affidavit did not specify what actions had deviated from professional standards.[7] This affidavit did not satisfy the requirements of N.J. Stat. Ann § 2A:53A-27.

Szemple's final claim is for intentional infliction of emotional distress. Under New Jersey law, a plaintiff must "establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe" to establish a claim for intentional infliction of emotional distress. Buckley v. Trenton Saving Fund Soc., 544 A.2d 857, 863 (N.J. 1988). The emotional distress suffered must be "so severe that no reasonable man could be expected to endure it." Id. Szemple did not establish that he suffered severe distress. Szemple asserted that his diagnosed condition of post-traumatic stress disorder was aggravated as a result of being denied appropriate care, but he did not provide any support for this assertion. Without any specific evidence of the nature of his

---

[7] Szemple asserted that the "common knowledge" exception to the requirement for an affidavit of merit applied to his case. "An affidavit need not be provided in common knowledge cases when an expert will not be called to testify" regarding professional standards or practices. Hubbard ex rel. Hubbard v. Reed, 774 A.2d 495, 498 (N.J. 2001). However, Szemple asserted that the common knowledge exception pertained only to his claim that the defendants denied him medication. This claim is not part of his amended complaint.

9

increased pain, it is unclear whether he suffered severe emotional distress.  This claim is without merit.

## V.

In sum, because this appeal is lacking in arguable legal merit, we will dismiss it pursuant to 28 U.S.C.§1915(e)(2).